IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

PACE INDUSTRY UNION )
MANAGEMENT PENSION FUND, )
et al., )
    PLAINTIFFS ) NO. 3-15-cv-00163
) JUDGE TRAUGER
v. )
)
O.E. CLARK PAPER BOX CO., )
    DEFENDANT )

**MEMORANDUM**

Pending before the court are Plaintiffs' Motion for Attorneys' Fees and Costs (Docket No. 66) and Plaintiffs' Petition for Entry of Judgment (Docket No. 67). Defendant has filed a Response to each of Plaintiffs' Motions (Docket Nos. 68 and 69), and Plaintiffs have filed a Reply (Docket No. 72). For the reasons stated herein, Plaintiffs' Motion for Attorneys' Fees and Costs is granted, and Plaintiffs' Petition for Entry of Judgment is granted.

BACKGROUND

This action was brought pursuant to the Employee Retirement Income Security Act ("ERISA") to collect delinquent withdrawal liability payments from Defendant. Plaintiff is a multi-employee benefit plan ("the Fund"), and Defendant was a participating employer in the Fund. Defendant withdrew from the Fund in June of 2008 and, according to Plaintiff, became obligated to pay withdrawal liability payments to the Fund. In November of 2009, Defendant initiated arbitration, pursuant to 29 U.S.C. § 1401, concerning the total withdrawal liability assessment. In early 2016, the court granted Defendant's Motion to Compel Arbitration as to the total withdrawal liability

assessment, stayed the part of this action regarding total withdrawal liability assessment, and denied the stay as to the interim payments issue (Docket No. 31). [1]

Plaintiffs then amended their Complaint (Docket No. 37). The First Amended Complaint seeks a judgment for all outstanding interim withdrawal liability installment payments, plus interest, liquidated damages, attorneys' fees and costs. *Id*. It does not ask the court to rule upon the issue of the total withdrawal liability assessment. The First Amended Complaint seeks a "judgment ordering Defendant O.E. Clark to continue paying to Plaintiffs interim withdrawal liability installment payments until conclusion of the arbitration" initiated by Defendant. Docket No. 37 at 11.

In January of 2017, the court granted Plaintiffs' Motion for Judgment on the Pleadings (which was addressed to the First Amended Complaint, not the original Complaint) as to Plaintiffs' entitlement to outstanding interim withdrawal liability installment payments from Defendant, and denied, without prejudice, Plaintiffs' Motion as to the applicable interest rate and the calculation of liquidated damages (Docket No. 46). Then Plaintiffs filed a Motion for Partial Summary Judgment as to default interest and liquidated damages (Docket No. 50). The court granted Plaintiffs' Motion, finding that Plaintiffs are entitled to 12% interest on Defendants' interim withdrawal installment liability payments, plus liquidated damages in an amount equal to the interest on the unpaid withdrawal payments, pursuant to 29 U.S.C. § 1132(g). Docket No. 64. The court instructed Plaintiffs to submit a Proposed Order with an updated accounting of the interest and liquidated damages, consistent with the Court's ruling.

---

[1] Pursuant to 29 U.S.C. § 1399(c)(2), Defendant is required to pay all interim withdrawal liability installment payments that become due and owing while the arbitration of the withdrawal liability assessment remains pending.

2

Plaintiffs have now submitted a Petition for Entry of Judgment (Docket No. 67) in which they state the updated accounting of interest and liquidated damages, as ordered by the court. Plaintiffs have also filed a Motion for Attorneys' Fees and Costs, in accordance with the court's memorandum of January 11, 2017 (Docket No. 46).

ANALYSIS

Defendant's only argument in opposition to Plaintiffs' Motions is that Plaintiffs' Motions are premature because this case is not over. Defendant contends that the court cannot enter judgment until the arbitration is concluded and a ruling is made as to the total withdrawal liability assessment. The court did previously stay the case as to that issue, but Plaintiffs then filed an amended complaint, which took the place of the original complaint. The issue previously stayed by the court is no longer a part of the operative complaint. That issue is before an arbitrator, as both parties agree.

Thus, the issue of total withdrawal liability assessment is no longer before this court, and the court cannot rule upon that issue. The court is today ruling upon all issues presented by the First Amended Complaint.[2] Because this ruling ends this case, it is appropriate for Plaintiffs to have filed their Motion for Attorneys' Fees and Costs. Defendant's argument is not persuasive.

Nonetheless, the proposed judgment submitted by the Plaintiffs is not clear. It should find that Plaintiffs are entitled to *interim* withdrawal liability *installment* payments. The court will enter its own Order in this regard.

---

[2] Any action related to the arbitration will have to be presented in another action to enforce or overturn the arbitrator's decision.

CONCLUSION

For these reasons, Plaintiffs' Motion for Attorneys' Fees and Costs (Docket No. 66) and Plaintiffs' Petition for Entry of Judgment (Docket No. 67) are GRANTED. An appropriate Order will be entered.

ENTER this 23rd day of February 2018.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE